# Gresham v. Bryan.

### Statutory Action of Detinue.

1. *Sale; when title passes; right to maintain detinue.*—Where a certain portion of a lot of corn in a crib is sold, but is not separated or measured, the legal title to such portion does not pass; and if the purchaser, before it is measured or separated, breaks open the crib and takes a quantity equal to the amount sold him, without the consent of the plaintiff, he acquires no title, and the corn so taken can be recovered from him by the seller in an action of detinue.

2. *Appeal; presumption when bill of exceptions does not purport to set out all the evidence.*—Where the bill of exceptions does not purport to set out all the evidence, but contains sufficient to show that the plaintiff was entitled to the verdict, it will not be presumed that there was other evidence, which would put the trial court in error.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. M. CARMICHAEL.

This was a statutory action of detinue, brought by Theophilus Bryan, against W. J. Gresham, to recover 130 bushels of corn. The facts of the case are sufficiently stated in the opinion. There was judgment for the plaintiff, and the defendant appeals.

. W. D. ROBERTS, for appellant.

H. D. CLAYTON and A. H. MERRILL, *contra.*

COLEMAN, J.—The appellee, Bryan, sued in detinue to recover one hundred and thirty bushels of corn.

It was in evidence that plaintiff had sold to defendant a tract of land, one mule and one hundred bushels of corn, and to secure the payment of the purchase price, the defendant executed a mortgage to the plaintiff. The mortgage was not produced, and we have no means of ascertaining its provisions or stipulations. It was in evidence that the corn sold to defendant was a part of a lot of corn in a crib mixed with other corn belonging to plaintiff, and the portion sold had never been separated or measured or delivered to the defendant; and that defendant broke open the crib and took possession and removed

[Mountain *et al.* v. Whitman.]

the corn without the consent and against the objection of the plaintiff. This evidence was not disputed, and, we are of opinion, it is sufficient to show that the legal title to any one hundred bushels of the corn in the crib, did not pass from the plaintiff to the defendant, under the contract for the sale and purchase of the corn. There was no separation and delivery of the corn.

The bill of exceptions does not purport to set out all the evidence, and as the plaintiff was entitled to the affirmative charge under the evidence, as it appears in the bill of exceptions, we can not presume there was other evidence in order to put the court in error.

Affirmed.